UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM Resorts International Operations, Inc., <br><br>Plaintiff, <br><br>vs. <br><br>Tylt, Inc., <br><br>Defendant. | Case No. 2:20-cv-02250-CDS-MDC <br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR JUDGMENT DEBTOR EXAMINATIONS (ECF NOS. 112, 113)** |

Plaintiff filed two *Judgment Debtor Examination* Motions (ECF Nos. 112, 113) ("Judgment Debtor Motions"). The Court **GRANTS** the Judgment Debtor Motions for the reasons below.

I.  BACKGROUND

This is a case where defendant Tylt, Inc. ("Tylt, Inc.") allegedly failed to make its contractually obligated payments to plaintiff MGM Resorts International Operations, Inc. ("MGM"). The Court granted MGM's *Motion for Summary Judgment* on September 14, 2023. *ECF No. 94*. MGM then obtained Judgment against Tylt, Inc. on January 30, 2024, for $918,020.10 in total. *ECF No. 102*. However, MGM has not received any portion of the Judgment from Tylt, Inc. as of the date of this Order.

MGM filed its first *Judgment Debtor Examination* Motion ("First Motion") (ECF No. 103) on March 18, 2025, to compel Tylt, Inc. to produce certain documents and a FRCP 30(b)(6) designee. *ECF No. 103*. The Court denied the First Motion without prejudice because Tylt, Inc. has been terminated as an entity since October 31, 2023, and has no representatives to confer with counsel. *ECF No. 106*. MGM then filed two *ex-parte* Motions (ECF Nos. 107, 108) to aid in their Judgment collection. *ECF No. 107, 108*. The Court denied the Motions without prejudice because plaintiffs failed to provide authority for

1

filing *ex-parte*. ECF No. 111. MGM subsequently filed the Judgment Debtor Motions in the ordinary course. *ECF Nos. 112, 113*. Defendant did not respond to the Judgment Debtor Motions.

## II.   GENERAL LEGAL STANDARD

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution . . . the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. Pro. 69. Rule 69 "permits discovery from the judgment debtor and/or third persons." *Montgomery v. Etreppid Technologies, LLC*, 2009 WL 465941, *1 (D.Nev. Feb. 25, 2009) (*citing Danning v. Lavine*, 572 F.2d 1386, 1389-90 (9th Cir.1978); *1st Technology, LLC v. Rational Enterprises LTDA*, 2007 WL 5596692, *4 (D.Nev. 2007). "The scope of post-judgment discovery is broad," including discovery regarding the transfer of debtor's assets. *British Intern. Ins. Co., Ltd. v. Seguros La Republica*, S.A. 200 F.R.D. 586, 588 (W.D.Tex. 2000). Such broad discovery includes third-party discovery. *Caisson Corp. v. Cnty. W. Bldg. Cor*p., 62 F.R.D. 331, 335 (E.D. Pa. 1974) ("There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor.").

## III.   ANALYSIS

MGM seeks post judgment discovery from Ramin Rostami, CEO and founder of Tylt, Inc., and Midwest Trading which acquired Tylt in 2023. *ECF Nos. 112, 113*. Specifically, MGM requests that Mr. Rostami and Midwest Trading appear for remote examinations and for both parties to produce relevant documents to enable it to collect the Judgment amount. *ECF No. 112, 113*. MGM notes that Mr. Rostami registered Tylt, LLC one day before Tylt was terminated and that some of Tylt, Inc.'s assets may have been transferred to Tylt, LLC before either or both companies were acquired by Midwest Trading. *ECF Nos. 112, 113*. It claims that a remote examination and discovery of relevant document would help to track were Tylt, Inc.'s assets were transferred to. *ECF No. 112, 113*. Tylt, Inc., Mr Rostami, and Midwest trading did not respond to the Judgment Debtor Motions or otherwise address its

ability and authority to proceed with the discovery requested given the circumstances. *See e.g.*, LR 7-2(d) (providing that failure of party to provide points and authorities in support of or in opposition to a motion constitutes consent to denying or granting the motion, respectively).

ACCORDINGLY, and for good cause shown,

**IT IS ORDERED** that:

Plaintiff's *Motion for Judgment Debtor Examination* regarding Ramin Rostami (ECF No. 112) and *Motion for Judgment Debtor Examination* regarding Midwest Trading (ECF No. 113) is **GRANTED**. Plaintiff may pursue post judgment discovery as outlined in the Judgment Debtor Motions.

IT IS SO ORDERED.

DATED November 19, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge